Buddy Stewart BLOSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36036.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

 

in custody, this Court is without jurisdiction to enter any order other than to dismiss the appeal. Thompson v. State, 166 Tex.Cr.R. 586, 317 S.W.2d 61; Nance v. State, Tex.Cr.App., 318 S.W.2d 666; Ross v. State, Tex.Cr.App., 318 S.W.2d 641; and other cases cited under Art. 830 V.A. C.C.P., Note 4.

Appellant's motion for rehearing is granted and the appeal is dismissed.

---

T. M. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Our former opinion and order affirming the conviction is withdrawn.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $100.

Appellant's motion for new trial was overruled and notice of appeal was given on March 6, 1963. On the same day the appellant's bond on appeal was approved.

Art. 830 Vernon's Ann.C.C.P. provides for a bail bond on appeal only after the expiration of the term. It provides that when the defendant appeals in any misdemeanor case he shall, if he be in custody, be committed to jail unless he enter into recognizance as provided by law. Art. 831 V.A. C.C.P. sets out the form of such a recognizance which must be entered into in open court.

In the absence of a recognizance entered into in open court or an appeal bond approved after the term of court had expired, or a showing that the appellant is