**Santos C. CUELLAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–97–906–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 3, 2000.

James R. Reed, Houston, for appellant.

Michael A. Sheppard, Crain & Sheppard, Cuero, Robert C. Lassmann, Asst. Dist. Atty., Cuero, for State.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, Santos C. Cuellar, pleaded not guilty to the offenses of aggravated possession and conspiracy to commit aggravated possession of a controlled substance, cocaine. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, sec. 481.115 1989 Tex. Gen. Laws 2936–37 (amended 1993) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp. 1999)); Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 15.02, 1973 Tex. Gen. Laws 910 (amended 1993) (current version at TEX. PEN.CODE ANN. § 15.02 (Vernon 1994)).[1] A jury acquitted appellant of the offense of aggravated possession of a controlled substance, but convicted him of conspiracy to commit aggravated possession and assessed punishment at seven years confinement. Appellant filed a notice of appeal and was thereafter deported to Mexico. On appeal, appellant challenges the legal and factual sufficiency of the evidence. We affirm.

---

1. We apply the former law in effect at the time of the commission of the crime. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.18(a), 1993 Tex. Gen. Laws 3705 (providing that "[a]n offense committed before the effective date of this article is covered by the law in effect when the offense was committed and the former law is continued in effect for that purpose").

On November 22, 1993, a deputy sheriff stopped a tractor-trailer truck driven by Charles Michael Gist in Refugio County and discovered at least two hundred forty pounds of cocaine in the kingpin area of the trailer. After Gist was arrested for possession of the cocaine, he agreed to assist police officers in making further arrests. Gist contacted Waldemar Scoyola and informed him that the rig had broken down and that he needed assistance.

Thereafter, Scoyola arrived in Refugio County driving a minivan. Appellant arrived driving a Peterbilt tractor. Appellant parked the tractor in front of the "Fast Break" store, next to Gist's tractor-trailer truck. Appellant and Scoyola made preparations to remove the trailer from Gist's tractor and hitch it to appellant's tractor. Appellant and Scoyola were subsequently arrested.

■ In its brief, the State raises a plea to jurisdiction, asserting that because appellant is not in custody and not on bond, he is a fugitive, and this Court lacks jurisdiction. The State cites *Bloss v. State*, 372 S.W.2d 696, 697 (Tex.Crim.App.1963), to support its argument. In *Bloss*, the court of criminal appeals held, "[i]n the absence of a recognizance entered into in open court or an appeal bond approved after the term of open court had expired, or a showing that the appellant is in custody, this Court is without jurisdiction to enter any order other than to dismiss the appeal." *Bloss*, 372 S.W.2d at 697. The State notes that appellant's appellate bond was forfeited in a separate cause and that appellant is not in custody. In accordance with *Bloss*, the State asks that we dismiss the appeal.

Significantly, neither *Bloss* nor any cases cited within *Bloss* involves appellants who had been deported. Therefore, the State's reliance on this line of cases is misplaced. Whether a court of appeals has jurisdiction to hear an appeal by an individual who has been deported, but has nonetheless pursued his appeal, is apparently an issue of first impression in Texas.

The highest state courts of Washington and New York have had occasion to address the issue and have reached opposite conclusions. According to the New York Court of Appeals, dismissal is proper when an appellant has been deported because the appellant is not permitted to return to the state and any appeal would be moot. *See People v. Del Rio*, 14 N.Y.2d 165, 250 N.Y.S.2d 257, 199 N.E.2d 359, 360–61 (1964) (likening a deported appellant to one who has escaped from custody); *see also People v. Shaw*, 237 A.D.2d 995, 995, 654 N.Y.S.2d 886 (4th Dept.1997) (adhering to the rule established in *People v. Del Rio* ).

The Washington Supreme Court, by contrast, has held that dismissal of an appeal is not appropriate when an appellant has been deported and wishes to pursue his appeal. *See State v. Ortiz*, 113 Wash.2d 32, 774 P.2d 1229, 1230 (1989); *see also State v. Rosales–Gonzales*, 59 Wash.App. 583, 799 P.2d 756, 756–57 (Div. 3 1990). In *Ortiz*, the court discussed two rationales underlying dismissal of appeals in cases in which the appellant is a fugitive. First, "the fugitive's flight is said to render his appeal moot, insofar as the appellate court's judgment may not be given effect." *Ortiz*, 774 P.2d at 1230 (citing *Smith v. United States*, 94 U.S. 97, 97, 24 L.Ed. 32 (1876)). Second, "having scorned the court's authority over him, the fugitive is deemed 'disentitled' to appellate action." *Id.* As the court noted, neither of these two rationales apply to an appellant who has been deported and wishes to prosecute his appeal. *See id.*

First, an appeal of a narcotics conviction is not moot because such a conviction prevents an individual from reentering the United States or obtaining a visa. *See id.; see also* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (providing that aliens who violate or conspire to violate a law relating to a controlled substance are ineligible to obtain a visa or return to the United States); *United States v. Marsh*, 747 F.2d 7, 9 n. 2 (1st Cir.1984) (holding that because narcotics

convictions might prevent defendants' reentry into the United States, their appeals were not moot). Moreover, unlike a fugitive, a deported appellant who wishes to pursue an appeal has not scorned the court's authority over him. Rather, he is prohibited from reentering the country, absent permission from the Attorney General, so that he might be in custody of the state or on bond. *See* 8 U.S.C. § 1326 (making reentry into the country following deportation, without permission of the Attorney General, a felony).

We agree with the reasoning of the Washington Supreme Court in *Ortiz.* An appellant who complies with the rules of appellate procedure should not lose his right to appeal when he is expelled from the country and is legally unable to return to the custody of the State, particularly when the conviction affects his right to reenter the country at a later date.

■ Furthermore, the rules of appellate procedure, which set forth the instances in which dismissal of appeals in criminal cases is proper, do not authorize dismissal of an appeal based on an appellant's deportation. Rules 42.2 and 42.4 of the Texas Rules of Appellate Procedure govern dismissal of appeals. *See* Tex.R.App. P. 42.2, 42.4. Rule 42.2 permits voluntary dismissal of appeals in criminal cases in which the appellant has withdrawn his appeal. *See* Tex.R.App. P. 42.2. Rule 42.4 provides for involuntary dismissal of criminal appeals for individuals who have escaped from custody, on the State's motion, supported by affidavit. *See* Tex.R.App. P. 42.4. As appellant did not withdraw his appeal and did not escape from custody,[2] *see Estep v. State,* 901 S.W.2d 491, 495 (Tex.Crim.App. 1995) (explaining that escape does not include "being released by someone in authority"), neither rule allows for dismissal in this case. We conclude that we have jurisdiction to consider this appeal. Hav-

ing so concluded, we consider appellant's points of error.

Appellant challenges the legal and factual sufficiency of the evidence to support his conviction by two points of error. Specifically, appellant complains there is no evidence or factually insufficient evidence that he agreed or conspired to possess cocaine.

■ In a legal sufficiency review, we view the evidence in a light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,* 937 S.W.2d 479,. 482 (Tex.Crim.App.1996). Sufficiency of the evidence is measured by the elements of the offense as defined by the "hypothetically correct jury charge for the case." *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997); *Cano v. State,* 3 S.W.3d 99, (Tex.App.—Corpus Christi 1999, pet. filed).

Under the applicable statute, a person commits criminal conspiracy if he: (1) intends that a felony be committed; (2) agrees with one or more persons to engage in conduct that constitutes the offense; and (3) he or one or more of them performs an overt act in pursuance of the agreement. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 15.02, 1973 Tex. Gen. Laws 910 (amended 1993). A person commits aggravated possession of cocaine if he knowingly or intentionally possesses cocaine in an amount in excess of 28 grams. *See* Acts of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, sec. 481.115, 1989 Tex. Gen. Laws, 2936–37 (amended 1993). Here, the charge correctly instructed the jury that they could find appellant guilty of criminal conspiracy to commit aggravated possession of cocaine if he:

**2.** Even if appellant had escaped, the State did not file a motion to dismiss supported by an affidavit as required by Rule 42.4 of the Texas Rules of Appellate Procedure. *See* Tex.R.App. P. 42.4.

did then and there with intent that a felony, to[-]wit, aggravated possession of a controlled substance, to-wit: cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of 400 grams or more, be committed, did then and there agree with Waldemar Scoyola or Charles Gist, that they would engage in conduct that would constitute said offense, and the said [appellant] or Waldemar Scoyola or Charles Gist or one or another of them did knowingly perform an overt act in pursuance to said agreement. . . .

◼◼ Appellant's challenge to the sufficiency of the evidence is limited to the element that he agreed with another to engage in the conduct constituting the offense. The essential element of criminal conspiracy is an agreement to commit a crime. *See Williams v. State*, 646 S.W.2d 221, 222 (Tex.Crim.App.1983). Under the former and present versions of section 15.02 of the Texas Penal Code, an agreement may be inferred from the acts of the parties. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, sec. 15.02, 1973 Tex. Gen. Laws 910 (amended 1993); Tex. Pen.Code Ann. § 15.02(b) (Vernon 1994); *Mutscher v. State*, 514 S.W.2d 905, 912–13 (Tex.Crim.App.1974). Because conspirators' work is often done in secrecy and under cover, direct evidence is not required to support a conviction for criminal conspiracy; circumstantial evidence will suffice. *See Grant v. State*, 140 Tex.Crim. 46, 143 S.W.2d 383, 384 (1940); *Butler v. State*, 758 S.W.2d 856, 860 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Turner v. State*, 720 S.W.2d 161, 164 (Tex. App.—San Antonio 1986, pet. ref'd).

◼◼ In the present case, appellant contends the evidence failed to disclose an agreement between himself and Scoyola or Gist. Rather, according to appellant, the evidence showed he was an unwitting driver, who did not agree to commit the offense of aggravated possession of cocaine. We disagree.

Juan Hernandez, Jr., a lieutenant for the Refugio County Sheriff's Department at the time of appellant's arrest, testified that upon arriving at the store, he observed Scoyola and appellant standing by a pay phone. Hernandez overheard Scoyola inform appellant that Gist had stated the cargo on the trailer was undisturbed and everything was clear. Hernandez testified that there was no visible load on the trailer, except for two tarps on top of the trailer. Appellant and Scoyola physically examined the trailer, at one point looking underneath the trailer around the kingpin area, where the cocaine had been hidden. As appellant and Scoyola made preparations to remove the trailer from Gist's tractor and hitch it to appellant's tractor, police officers moved in to arrest the suspects. Appellant took off, running on railroad tracks behind the store. Hernandez, who ran after appellant, asked him what was going on, to which appellant responded that he did not know, however, "it wasn't looking good."

◼◼ Flight from the scene of a crime is circumstantial evidence of guilt. *See Harris v. State*, 645 S.W.2d 447, 457 (Tex. Crim.App.1983); *Salinas v. State*, 721 S.W.2d 538, 540 (Tex.App.—Corpus Christi 1986, pet. ref'd untimely filed). Appellant's actions, including his flight from the scene of the crime, his examination of the area of the trailer where the cocaine had been hidden, and his preparations to place the trailer on his tractor, in light of his having heard that the load was undisturbed, amount to some evidence of an agreement between him and Gist or Scoyola. The evidence is legally sufficient to support the conviction. Appellant's first point of error is overruled.

◼◼ A factual sufficiency analysis requires an examination of all of the evidence to determine whether the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996). In such a review, evidence is viewed without

the prism of in the light most favorable to the prosecution. *See id.* Nonetheless, the appellate court is not to substitute its judgment for that of the trial court, and should extend due deference to the trial court. *See id.* at 134–35.

 In the present case, appellant contends the above evidence is insufficient to uphold the conviction. Appellant also refers the court to the cross-examination testimony of Hernandez, in which he was asked,

> as to the evidence to link [Gist and Scoyola] to the conspiracy or to any possession of cocaine we have a tape of a telephone call in which the word cocaine is never mentioned and all we had there ... is you and Michael Gist telling Mr. Scoyola that a truck had been broken down; isn't that right?

Hernandez responded, "Yes, sir." In addition, appellant directs the Court to testimony that he did not flee from the arrest, but rather he ran because he saw men with guns. Finally, appellant notes the absence of any direct evidence of an agreement. Again, circumstantial evidence is sufficient to support a verdict for criminal conspiracy. *See Butler,* 758 S.W.2d at 860. Based on a review of all the evidence, we conclude the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.