**Atif Dn ALAKHRAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–01–00507–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 14, 2002.

Atif Dn Alakhras, Houston, for appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for the State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and RADACK.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Atif Dn Alakhras, of injury to a child. He was sentenced to confinement for five years, and placed on community supervision for five years on March 29, 2001. Retained counsel, Matthew Alford, filed a timely notice of appeal.

The court reporter informed this Court that appellant had not made arrangements to pay for the reporter's record. After we issued two notices that the appeal may be considered without a reporter's record, Alford notified this Court by letter that he did not represent appellant on appeal. Alford also advised that he had attempted to contact appellant regarding our notice, but had not been able to do so.

We then remanded the case to the trial court to determine whether appellant wished to prosecute the appeal, among other things. The trial court reported that a hearing was not possible because appellant had been deported. We have been informed by the Immigration and Naturalization Service concerning appellant's status, as follows:

> [T]his individual self-deported the United States to Italy on 08/12/2001. Subject boarded a plane at Boston Airport to Italy and was witnessed by a Federal Deportation Officer out of the Boston Office.

We have found only one Texas case concerning an appeal from a criminal conviction in state court by an appellant who was subsequently deported. In *Cuellar v. State*, 13 S.W.3d 449, 451–52 (Tex.App.-Corpus Christi 2000, no pet.), the court held that an appellant who had been deported, but nevertheless complied with the Texas Rules of Appellate Procedure, should not lose his right to appeal solely because of the deportation. The court reasoned that a deported person, as opposed to a fugitive, had not "scorned the court's authority over him." *Id.* at 452. A significant fact was that Cuellar, despite his deportation, pursued his appeal by filing the reporter's record and a brief. After concluding it had jurisdiction to do so, the court of appeals addressed the merits of the issues raised.

Appellant, by contrast, has not attempted in any way to advance this appeal, either before or after he "self-deported" to Italy.[1] Only the clerk's record has been

---

1. "Self-deportation" is not defined in 8 U.S.C. § 1101 (2000). However, in *United States v.*

*Bahena–Cardenas,* 70 F.3d 1071, 1072 (9th

filed, though appellant was sentenced almost one year ago. Appellant never claimed indigency, yet made no arrangements with the court reporter to prepare and file the reporter's record which was due 11 weeks *before* he left the United States. It is also clear that appellant did not retain counsel to file a brief on his behalf. This case is therefore unlike *Cuellar*, and we do not reach the issue of whether appellant's departure from the United States rendered the appeal moot.

Rule 42.4 of the Texas Rules of Appellate Procedure, "Involuntary Dismissal in Criminal Cases" is inapplicable to this case because appellant is not a fugitive.[2] *See also Cuellar*, 13 S.W.3d at 452 (holding Texas Rules of Appellate Procedure do not authorize dismissal of appeal based on appellant's deportation).

However, we may consider a criminal appeal without briefs, as justice may require, if the trial court has found that the appellant no longer desires to prosecute the appeal. TEX.R.APP. P. 38.8(b)(4). In this case, the trial court was unable to conduct a hearing for the purpose of making this and other factual determinations because of appellant's deportation.

More than four months passed between appellant's sentencing and his departure from the United States, yet he did not pay or make arrangements to pay for the reporter's record or retain appellate counsel to prosecute the appeal. Accordingly, we hold that appellant no longer desires to prosecute the appeal. We also hold that good cause exists to suspend the requirement of Rule 38.8(b)(4) that this finding be made by the trial court. *See* TEX.R.APP. P. 2.

Only the clerk's record is presented for review. We find no fundamental error. *See Ashcraft v. State*, 802 S.W.2d 905, 906 (Tex.App.-Fort Worth 1991, no pet.); *Meza v. State*, 742 S.W.2d 708, 708–09 (Tex.App.-Corpus Christi 1987, no pet.).

We affirm the judgment.

---

Cir.1995), the court linked self-deportation to 8 U.S.C. § 1101(g) which reads:

> For the purposes of this Act any alien ordered deported or removed ... who has left the United States, shall be considered to have been deported or removed in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed.

8 U.S.C. § 1101(g) (2000). Section 241.7 of the Code of Federal Regulations provides in part:

> A district director may permit an alien ordered removed ... to depart at his or her own expense to a destination of his or her own choice.

8 C.F.R. § 241.7 (2001).

2. The rule provides, in pertinent part:

> The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state.

TEX.R.APP. P. 42.4.