Opinion issued
December 31, 2009

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00109-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MILTON GREENLAND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 560087

 

 



MEMORANDUM OPINION

 

          Almost 15 years after his
aggravated kidnapping conviction, appellant Milton Greenland moved for
post-conviction DNA testing of biological material.  See
Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2009).  The State
opposed Greenland’s motion, arguing that it possessed no testable evidence
containing any biological matter.  After
a hearing on January 25, 2006, the trial court denied Greenland’s motion, and
Greenland appealed.  

In his sole issue, Greenland argues that the trial
court erred in finding that the Houston Police Department (HPD) did not possess
any evidence related to his conviction, when an affidavit from an HPD employee
indicated that a record in HPD’s Latent Print Laboratory indicated that “one
piece of duct tape and one belt” were in the custody of the HPD Property
Room.  A separate affidavit from the HPD
Property Room denied possession of that or any other evidence relating to
Greenland’s conviction.

          Because the record
supports the trial court’s finding of no testable evidence and because
Greenland failed to contest the trial court’s other findings that preclude DNA
testing in this case, we affirm.

Background

Original Conviction

          Greenland was convicted for aggravated
kidnapping of a teenager and sentenced to imprisonment for eighty-five years
and a fine of $10,000.  Greenland v. State,
No. B14-90-01160-CR, 1992 WL 117392, at *1 (Tex. App.—Houston [14th Dist.]
June 4, 1992, pet. ref’d).  The conviction was upheld on appeal.  Id.  As recounted in the opinion of the
Fourteenth Court of Appeals, Greenland and two armed accomplices entered the home
where the complainant lived with his older brother.  Id.  Greenland grabbed the complainant,
punched him, and hit him on the side of the head with a gun.  Id.  After Greenland took the complainant to a
bedroom, one accomplice tied the complainant’s ankles with a leather belt and
bound his hands behind his back with duct tape. 
Id.  Greenland and the accomplices threatened to
kill the complainant, and they put him in a car with a fourth accomplice.  Id.  A Houston police officer later pulled the car
over for a traffic violation and discovered the complainant, bound and beaten,
in the back seat.  Id.  

          On
direct appeal from his conviction, Greenland challenged the sufficiency of the
evidence to show that he intended to terrorize the complainant and the trial
court’s failure to instruct the jury on the lesser-included offense of
kidnapping.  Id. at *2.  In affirming
Greenland’s conviction, the Fourteenth Court of Appeals wrote:

Aggravated kidnapping occurs when an individual
intentionally or knowingly abducts another person with the intent to terrorize
him or a third person.  Tex. Penal Code Ann. § 20.04(a)(5).

 

. . . 

 

In the instant case the continual beatings,
manhandling, threatening, and taunting of the complainant by the group of men
of which appellant was a part demonstrated an intent to terrorize, giving the
word its common meaning.

 

Greenland, 1992 WL
117392, at *2.  The court of appeals also
observed that Greenland could be held responsible for aggravated kidnapping as
a party to the offense because his “actions in the instant case demonstrated an
intent to promote the offense.”  Id. 


Motion for
Post-Conviction DNA Testing

Greenland filed a pro se motion for forensic DNA
testing of biological material and ballistic evidence.  Greenland simultaneously filed an application
to proceed in forma pauperis and a motion for appointment of counsel.  An attorney was appointed to represent
Greenland, and a new motion for post-conviction DNA testing was filed.  

In his motion for post-conviction DNA testing,
Greenland sought testing of “all biological material in the state’s
possession.”  Greenland asserted that
“[e]xculpatory results obtained from the DNA evidence that neither matched the
convicted person’s genetic profile nor the genetic profile of the complainant
would show that the convicted person was not the perpetrator of the aggravated
kidnapping which formed the basis of his conviction . . . .”  The motion specifically referenced a knife
that allegedly had been used by Greenland to scratch the complainant and the
gun with which Greenland allegedly struck the complainant.

In response, the State filed five affidavits.  In separate affidavits, R. Hilleman and
R.D. Baldwin, property-and-evidence records custodians for the HPD Crime
Laboratory and the HPD Firearms Laboratory, denied that either of those
laboratories possessed property or evidence related to Greenland’s case.  A. A. Arceo, property-and-evidence
records custodian for the HPD Latent Print Laboratory, stated that,
“[a]ccording to the records of the . . . Houston Police Department—Latent Lab,
the following property and/or evidence from [Greenland’s case] is in the
custody of . . . Houston Police Department—Property Room.  One piece of duct tape and one belt.”  However, K. L. McGinnis, another HPD
property-and-evidence records custodian, stated that no property or evidence
pertaining to Greenland’s conviction was in possession of the HPD Property Room.  Finally, M. Vasquez, the exhibits clerk for
the Harris County District Clerk’s Office stated, “According to the records of
the Harris County District Clerk’s Office, the following evidence in the case
styled The State of Texas v. Milton
Greenland . . . was destroyed on August 10, 1995: (1) two handguns;
(2) a carbine rifle; (3) a baggie of bullets; (4) two boxes of cartridges;
(5) pieces of duct tape; (6) a roll of duct tape; (7) a knife; and (8) pieces
of a belt.”  In summary, a custodian for
the HPD Latent Print Laboratory stated that the print laboratory had records
indicating that the HPD Property Room had a piece of duct tape and a belt, but
the custodian for the property room denied possessing those items, and the
district clerk provided evidence that pieces of duct tape and of a belt had
been destroyed.

At the hearing on Greenland’s motion, his attorney
stated, “I concede that the defendant has the burden of showing that the
biological items that we want tested are in existence, and, obviously, I cannot
meet that burden, so I concede that.” 
The trial court denied Greenland’s motion for DNA testing.  In its findings of fact and conclusions of
law, the trial court stated:  

. . . 

2.       The Court finds, based on the credible affidavit of K.L.
McGinnis, that the records of the Houston Police Department (HPD) Property Room
reflect that the HPD Property Room is not in possession of any property and/or
evidence related to [Greenland’s case].

 

. . . 

4.       The Court finds, based on the credible affidavit of [A.]
Arceo, that the records of the HPD Latent Print Laboratory is not in possession
of any evidence related to [Greenland’s case]. 


 

. . . 

8.       The Court finds, based on the credible affidavits of K.L. McGinnis,
[R.] Hilleman, [A.A.] Arceo, [R.D.] Baldwin, and [M.] Vasquez, that [Greenland]
fails to meet the requirement of Article 64.03(a)(1) of the Texas Code of
Criminal Procedure by showing that evidence still exists and is in a condition
making DNA testing possible.

 

9.       The Court, based on [Greenland’s] failure to meet the
requirement of Article 64.03(a)(1), finds in the negative the issues listed in
Article 64.03(a)(1).

 

10.     The Court finds that, based on the lack of evidence, [Greenland]
fails to show by a preponderance of the evidence, that a reasonable probability
exists that [Greenland] would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.

 

11.     The Court finds that [Greenland] fails to meet the requirement
of Article 64.03(a)(2) of the Texas Code of Criminal Procedure concerning his
burden of proof.  

 

Procedural Developments on
Appeal

After
the trial court denied Greenland’s motion, this Court twice abated the appeal
for the trial court to correct the certification of Greenland’s right to
appeal, and we abated the appeal a third time for the trial court to determine
if Greenland wished to pursue his appeal. 
In August 2009, the trial court held a hearing in which it stated
on the record that “after much effort and work,” it had determined that
Greenland was deported to Jamaica in August 2008.  

Despite
Greenland’s deportation, we will resolve his appeal on the merits.  See
Alakhras v. State, 73 S.W.3d 434, 435–36 (Tex. App.—Houston [1st Dist.]
2002, no pet.); Cuellar v. State, 13
S.W.3d 449, 452 (Tex. App.—Corpus Christi 2000, no pet.) (“An appellant who
complies with the rules of appellate procedure should not lose his right to
appeal when he is expelled from the country and is legally unable to return to
the custody of the State, particularly when the conviction affects his right to
reenter the country at a later date.”). 
At the original hearing on Greenland’s motion, Greenland’s attorney
specifically stated that Greenland wished to appeal, and he asked the trial
court to make certain the appellate record would be available to Greenland or
his new appointed counsel.  Although
Greenland’s current whereabouts are unknown, there is nothing in the record to
show that Greenland wished to abandon his appeal, and in the interest of
justice we address the merits of his appeal.

Post-Conviction DNA Testing

The Code of Criminal Procedure provides for
post-conviction DNA testing of evidence that “was secured in relation to the
offense that is the basis of the challenged conviction and was in the
possession of the state during the trial of the offense.”  Tex.
Code Crim. Proc. Ann. art. 64.01(b) (Vernon Supp. 2009).  A trial court may order forensic DNA testing
only if: (1) the evidence exists in a testable condition and has been subjected
to a proper chain of custody; (2) identity was or is an issue in the case; and
(3) the convicted person establishes by a preponderance of the evidence that he
would not have been convicted if exculpatory results had been obtained through
DNA testing and the request for DNA testing is not made to unreasonably delay
the execution of sentence or administration of justice.  Tex. Code Crim. Proc. Ann. art.
64.03(a).  “The trial court can order DNA
testing only if the statutory preconditions are met.”  Birdwell
v. State, 276 S.W.3d 642, 644 (Tex. App.—Waco 2009, pet. ref’d) (citing Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim.
App. 2002)); Cravin v. State, 95
S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (“The
legislature clearly expressed its desire to allow a court to order DNA testing
under strictly limited circumstances.”).

          We review a convicting
court’s denial of post-conviction DNA testing under a bifurcated standard of
review.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  “Reviewing courts defer to a trial judge’s
findings of fact when they are supported by the record.”  Esparza
v. State, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009).  “They also defer to a trial judge’s
application of law to fact questions when those questions turn on credibility
and demeanor.”  Id.  “Finally, pure legal
issues are given a de novo review by appellate courts.”  Id.

Analysis

There Was No Testable Evidence 

In his sole issue on appeal, Greenland challenges
the trial court’s finding of fact that “based on the credible affidavit of [A.]
Arceo . . . the records of the HPD Latent Print Laboratory is
not in possession of any evidence” related to Greenland’s conviction.  Greenland argues that Arceo’s affidavit
stated that “one piece of duct tape and one belt” from Greenland’s conviction
were in HPD’s custody, and therefore, the trial court’s negative finding on
“the issues listed in Article 64.03(a)(1)” is erroneous and should be reversed.

Arceo’s affidavit did not establish that HPD had
custody of any evidence.  It stated only
that the records of the Latent Laboratory reflected that one piece of duct tape
and one belt were in the custody of the Property Room.  But the McGinnis affidavit established that
the Property Room possessed no evidence. 
And the Vasquez affidavit established that pieces of duct tape and a
belt had been destroyed.

The trial court did find that the Latent Print
Laboratory did not possess any relevant evidence, despite the fact that the
Arceo affidavit did not actually address whether the Latent Print Laboratory
possessed any evidence.  Nevertheless, we
are obliged to defer to a trial judge’s findings of fact when they are
supported by the record, Esparza, 282
S.W.3d at 921, and the record does support the trial judge’s ultimate
conclusion that Greenland failed to satisfy his burden of demonstrating that
evidence still exists and is in a condition making DNA testing possible.  Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A).  Greenland’s counsel
admitted as much at the hearing on his motion.

Further,
as explained below, because Greenland
did not challenge other findings of the trial court that preclude him from
obtaining an order for DNA testing, we would be compelled to affirm even if the
trial court had erred in finding an absence of testable evidence.

Identity Was Not an Issue

Post-conviction DNA testing provides a convicted
person with “an avenue by which . . . to establish his innocence by excluding
himself as the perpetrator of the offense.” 
Birdwell, 276 S.W.3d at 646–47; see
Blackwell v. State, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007).  The
trial court could order forensic DNA testing only if it found that identity was
an issue in Greenland’s case.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B).  

The
trial court expressly ruled that it found “in the negative the issues listed in
Article 64.03(a)(1),” and Greenland does not challenge that conclusion on
appeal.

Exculpatory Results Would Not
Exonerate

Finally,
to obtain a DNA test, Greenland had to show that he “would not have been
convicted if exculpatory results had been obtained through DNA testing.”  Tex.
Code Crim. Proc. Ann. art.
64.03(a)(2)(A).  The trial court
expressly found that Greenland failed to satisfy this requirement.  Greenland did not challenge that ruling on
appeal.

 

 

 

 

 

 

 

 

 

Conclusion

 

          We conclude that Greenland did not meet the statutory requirements for
post-conviction DNA testing, and we hold that the trial court did not err in
denying his motion.  We therefore
affirm the order of the trial court.

 

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists of
Chief Justice Radack and Justices Bland and Massengale.

Do not publish.  Tex.
R. App. P. 47.2(b).