COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CARLOS VIGIL, | § | No. 08-09-00177-CR |
| Appellant, | § | Appeal from the |
| v. | § | 171st District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20070D05405) |
| | § | |

**OPINION ON MOTION**

This matter is before the Court on a motion to withdraw as counsel, the transcriptions of two hearings before the trial court, and the trial court's findings. For the reasons that follow, we will grant the motion to withdraw and order this appeal submitted on the record alone.

**BACKGROUND**

Appellant was indicted for indecency with a child. Although he apparently qualified for appointed counsel, he retained an attorney to represent him at trial. He was convicted by a jury and placed on community supervision for three years. His family retained counsel to represent him on appeal. The attorney filed a notice of appeal on June 22, 2009. Appellant later sought a free reporter's record based on his alleged indigency. According to counsel, the trial court initially denied this request because Appellant was able to retain an attorney. Appellant did not appeal this denial, and the reporter's record was filed in this Court on March 25, 2010. The certification on the reporter's record states that the cost would be paid by the county. It thus appears that the trial court ultimately found Appellant indigent for purposes of appeal.

Retained counsel did not file a brief for Appellant. On August 3, 2010, he filed a motion to

withdraw, stating that Appellant and Appellant's family had failed to meet their financial obligations to him and had failed to appear for scheduled appointments. By his signature on the motion, Appellant indicated that he agreed to the withdrawal. As a result of the motion, we ordered the trial court to conduct a hearing to determine whether Appellant wishes to pursue the appeal, whether he is entitled to appointed counsel, and whether he has retained new counsel.

The trial court conducted a hearing on September 1, 2010, at which retained counsel and an assistant district attorney appeared. The attorneys advised the court that Appellant had been deported to Mexico in July 2010. Appellant's attorney requested forty-five days to attempt to find Appellant or his family so that he could determine whether Appellant wants to proceed with the appeal and whether he is indigent. This Court subsequently granted the trial court's request for an extension of time to make its findings.

The trial court conducted another hearing on October 28, 2010. Retained counsel stated that his investigator met with Appellant before he was deported and obtained Appellant's signature on the motion to withdraw. According to counsel, Appellant told the investigator at that time that he wanted to pursue the appeal, but could not afford to pay for counsel. After the September 1 hearing, counsel contacted Appellant's family and sent them certified copies of affidavits to be completed. Appellant's family never responded. The assistant district attorney provided the trial court with a copy of the order of deportation.

The trial court found that Appellant was deported on July 21, 2010, and that counsel had attempted to locate him through his family but was unsuccessful. As a result, the trial court could not make any determinations regarding the issues we had entrusted to the court.

## DISCUSSION

The Texas Rules of Appellate Procedure do not authorize this Court to dismiss an appeal

because of an appellant's deportation. *See* TEX. R. APP. P. 42.4; *Cuellar v. State*, 13 S.W.3d 449, 452 (Tex. App. – Corpus Christi 2000, no pet.). *But see Ramos v. State*, 303 S.W.3d 302, 305 n.4 (Tex. Crim. App. 2009) (suggesting that an appellant's deportation might moot the appeal, but declining to address the issue because it was not raised by the State). Moreover, the Rules only authorize an appellate court to consider a criminal appeal without briefs if the trial court has found that the appellant does not wish to pursue the appeal or has not made the necessary arrangements for filing the brief. *See* TEX. R. APP. P. 38.8(b). These are the findings that the trial court was unable to make in this case due to Appellant's deportation.

The First Court of Appeals has faced a similar situation. *See Alakhras v. State*, 73 S.W.3d 434 (Tex. App. – Houston [1st Dist.] 2002, no pet.). In *Alakhras*, retained counsel filed the notice of appeal, but subsequently notified the appellate court that he did not represent the appellant on appeal and had been unable to contact the appellant. *Id.* at 435. The appellate court instructed the trial court to conduct a hearing, but the trial court reported that a hearing was impossible because the appellant had been deported. *Id.* The appellate court noted that the appellant had not attempted in any way to advance his appeal, either before or after his deportation. He never claimed to be indigent, yet he did not retain counsel to file a brief or make arrangements for preparation of the reporter's record, which was due eleven weeks before his deportation. *Id.* at 435-36.

Based on these facts, the appellate court suspended the requirement that the trial court determine whether the appellant wished to prosecute the appeal. *Id.* at 436 (citing TEX. R. APP. P. 2). The appellate court made its own determination that the appellant no longer wished to prosecute the appeal and reviewed the clerk's record for fundamental error. *Id.*

We agree with the reasoning in *Alakhras*, but there are some differences between that case and this one. In this case, Appellant was apparently found to be indigent both during the trial court

proceedings and on appeal. Also, there is some indication, albeit through unsworn hearsay, that Appellant wanted to pursue the appeal but could not afford to pay his attorney. We note, however, that Appellant apparently indicated this while he was incarcerated and awaiting deportation. There is nothing to reflect Appellant's financial circumstances now that he is free in Mexico.

From the record before us, it appears that Appellant has abandoned this appeal. He has taken no action to prosecute the appeal since his deportation, which was almost four months ago. Although he consented to counsel's withdrawal immediately before his deportation, he has not retained a new attorney, requested the appointment of new counsel, attempted to proceed *pro se*, or communicated with this Court in any way. Nor has he provided this Court or his attorney with a forwarding address. We therefore find under the authority of Rules 2 and 38.8(b)(4) that he no longer desires to prosecute the appeal.

## CONCLUSION

The motion to withdraw will be granted with two conditions. First, counsel must mail a copy of this opinion to the last known address of Appellant or his family. Second, counsel must provide this Court with a copy of that address. Upon receipt of the address from counsel, the motion to withdraw will be granted.

Further, this appeal will be submitted on the record alone at a later date to be determined.


GUADALUPE RIVERA, Justice

November 17, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)