COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



CARLOS VIGIL,

 


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


 


§


 


§


 


§


 


§


 


 § 


 No. 08-09-00177-CR




Appeal from the



171st District Court


of El Paso County, Texas



(TC# 20070D05405)


OPINION ON MOTION

 This matter is before the Court on a motion to withdraw as counsel, the transcriptions of two
hearings before the trial court, and the trial court's findings. For the reasons that follow, we will
grant the motion to withdraw and order this appeal submitted on the record alone.

BACKGROUND

 Appellant was indicted for indecency with a child. Although he apparently qualified for
appointed counsel, he retained an attorney to represent him at trial. He was convicted by a jury and
placed on community supervision for three years. His family retained counsel to represent him on
appeal. The attorney filed a notice of appeal on June 22, 2009. Appellant later sought a free
reporter's record based on his alleged indigency. According to counsel, the trial court initially
denied this request because Appellant was able to retain an attorney. Appellant did not appeal this
denial, and the reporter's record was filed in this Court on March 25, 2010. The certification on the
reporter's record states that the cost would be paid by the county. It thus appears that the trial court
ultimately found Appellant indigent for purposes of appeal.

 Retained counsel did not file a brief for Appellant. On August 3, 2010, he filed a motion to
withdraw, stating that Appellant and Appellant's family had failed to meet their financial obligations
to him and had failed to appear for scheduled appointments. By his signature on the motion,
Appellant indicated that he agreed to the withdrawal. As a result of the motion, we ordered the trial
court to conduct a hearing to determine whether Appellant wishes to pursue the appeal, whether he
is entitled to appointed counsel, and whether he has retained new counsel.

 The trial court conducted a hearing on September 1, 2010, at which retained counsel and an
assistant district attorney appeared. The attorneys advised the court that Appellant had been deported
to Mexico in July 2010. Appellant's attorney requested forty-five days to attempt to find Appellant
or his family so that he could determine whether Appellant wants to proceed with the appeal and
whether he is indigent. This Court subsequently granted the trial court's request for an extension of
time to make its findings.

 The trial court conducted another hearing on October 28, 2010. Retained counsel stated that
his investigator met with Appellant before he was deported and obtained Appellant's signature on
the motion to withdraw. According to counsel, Appellant told the investigator at that time that he
wanted to pursue the appeal, but could not afford to pay for counsel. After the September 1 hearing,
counsel contacted Appellant's family and sent them certified copies of affidavits to be completed. 
Appellant's family never responded. The assistant district attorney provided the trial court with a
copy of the order of deportation.

 The trial court found that Appellant was deported on July 21, 2010, and that counsel had
attempted to locate him through his family but was unsuccessful. As a result, the trial court could
not make any determinations regarding the issues we had entrusted to the court.

DISCUSSION

 The Texas Rules of Appellate Procedure do not authorize this Court to dismiss an appeal
because of an appellant's deportation. See Tex. R. App. P. 42.4; Cuellar v. State, 13 S.W.3d 449,
452 (Tex. App. - Corpus Christi 2000, no pet.). But see Ramos v. State, 303 S.W.3d 302, 305 n.4
(Tex. Crim. App. 2009) (suggesting that an appellant's deportation might moot the appeal, but
declining to address the issue because it was not raised by the State). Moreover, the Rules only
authorize an appellate court to consider a criminal appeal without briefs if the trial court has found
that the appellant does not wish to pursue the appeal or has not made the necessary arrangements for
filing the brief. See Tex. R. App. P. 38.8(b). These are the findings that the trial court was unable
to make in this case due to Appellant's deportation.

 The First Court of Appeals has faced a similar situation. See Alakhras v. State, 73 S.W.3d
434 (Tex. App. - Houston [1st Dist.] 2002, no pet.). In Alakhras, retained counsel filed the notice
of appeal, but subsequently notified the appellate court that he did not represent the appellant on
appeal and had been unable to contact the appellant. Id. at 435. The appellate court instructed the
trial court to conduct a hearing, but the trial court reported that a hearing was impossible because the
appellant had been deported. Id. The appellate court noted that the appellant had not attempted in
any way to advance his appeal, either before or after his deportation. He never claimed to be
indigent, yet he did not retain counsel to file a brief or make arrangements for preparation of the
reporter's record, which was due eleven weeks before his deportation. Id. at 435-36.

 Based on these facts, the appellate court suspended the requirement that the trial court
determine whether the appellant wished to prosecute the appeal. Id. at 436 (citing Tex. R. App. P.
2). The appellate court made its own determination that the appellant no longer wished to prosecute
the appeal and reviewed the clerk's record for fundamental error. Id.

 We agree with the reasoning in Alakhras, but there are some differences between that case
and this one. In this case, Appellant was apparently found to be indigent both during the trial court
proceedings and on appeal. Also, there is some indication, albeit through unsworn hearsay, that
Appellant wanted to pursue the appeal but could not afford to pay his attorney. We note, however,
that Appellant apparently indicated this while he was incarcerated and awaiting deportation. There
is nothing to reflect Appellant's financial circumstances now that he is free in Mexico.

 From the record before us, it appears that Appellant has abandoned this appeal. He has taken
no action to prosecute the appeal since his deportation, which was almost four months ago. 
Although he consented to counsel's withdrawal immediately before his deportation, he has not
retained a new attorney, requested the appointment of new counsel, attempted to proceed pro se, or
communicated with this Court in any way. Nor has he provided this Court or his attorney with a
forwarding address. We therefore find under the authority of Rules 2 and 38.8(b)(4) that he no
longer desires to prosecute the appeal.

CONCLUSION The motion to withdraw will be granted with two conditions. First, counsel must mail a copy
of this opinion to the last known address of Appellant or his family. Second, counsel must provide
this Court with a copy of that address. Upon receipt of the address from counsel, the motion to
withdraw will be granted.

 Further, this appeal will be submitted on the record alone at a later date to be determined.


 GUADALUPE RIVERA, Justice

November 17, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)