# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00339-CR

**Jose Francisco Lagos, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. C-1-CR-10-201870, HONORABLE NANCY W. HOHENGARTEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jose Francisco Lagos was charged with burglary of a vehicle. *See* Tex. Penal Code Ann. § 30.04 (West Supp. 2010). A jury found Lagos guilty of the offense, and the trial court assessed punishment at 180 days' imprisonment.

Lagos filed a notice of appeal, but failed to file an appellate brief. Lagos's appellate counsel filed a motion to withdraw in the trial court, stating that Lagos was delivered to federal authorities for deportation proceedings, that she has been unable to reach him, and that he has not contacted her regarding this appeal. The trial court issued an order permitting appellate counsel to withdraw on the grounds that "federal officials have moved to deport the Defendant, Jose Lagos, and counsel's attempts to contact him have been futile." If a trial court finds that an appellant in a criminal case no longer desires to prosecute the appeal, we may consider the appeal without briefs, as justice may require. *See* Tex. R. App. P. 38.8(b)(4). Where an appellate court determines that

the appellant has abandoned the appeal, the requirement that this finding be made by the trial court may be suspended if appellant's deportation prevents the trial court from conducting a hearing. *See Alakhras v. State*, 73 S.W.3d 434, 436 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that where appellant had been deported and had not made attempts to prosecute appeal, good cause existed to suspend the requirement of Rule 38.8(b)(4) that finding be made by trial court where trial court "was unable to conduct a hearing . . . because of appellant's deportation") (citing Tex. R. App. P. 2); *see also Vigil v. State*, No. 08-09-00177-CR, 2010 Tex. App. LEXIS 9122, at \*4-6 (Tex. App.—El Paso Nov. 17, 2010, no pet.) (not designated for publication) (same). Given the representations of Lagos's former counsel and the trial court's finding that attempts to contact Lagos have been futile, we conclude that Lagos has abandoned this appeal. We consider this appeal without briefs, and affirm the judgment of conviction.[1]

According to the testimony presented at trial, at approximately 9:20 on the evening of February 1, 2010, Alexis Copithorn observed a man removing items from the back of a pickup truck in the parking lot of an Austin apartment complex. Copithorn testified that the man removed a "bundle of extension cords" from the back of the truck, put them over his shoulder, and began running towards Duval Street. She further testified that the truck belonged to her neighbors, and that she was aware that the man who removed the extension cords was not the owner of the truck.[2] Copithorn called 9-1-1 and reported the incident, describing the subject as a Hispanic male,

---

[1] Lagos also filed notice of appeal in a related case, appellate cause number 03-10-00340-CR. The record in that appeal includes a certification from the trial court indicating that Lagos waived his right of appeal. That appeal is dismissed by separate opinion.

[2] The owner of the truck also testified at trial, stating that he had not given anyone permission to remove the extension cords from the back of his truck.

2

approximately 40 years of age, with a stocky build and a mustache, and wearing white pants, sneakers, a blue jacket, and a black baseball cap.[3]

Austin police officer Joshua Dozier was dispatched to the scene in response to the 9-1-1 call. Dozier testified that he made contact with Copithorn and had begun taking her statement when he heard over his radio that officers had detained an individual matching the description Copithorn had provided to the 9-1-1 dispatcher. Dozier then drove Copithorn down the street to the location where the individual had been detained. Upon seeing Lagos, Copithorn immediately identified him as the man she had seen removing extension cords from the back of the truck. Copithorn testified, "He was wearing the same clothes, the same face, the same hat, the same mustache." When asked, "Did you have any doubt whatsoever it was the right person?" Copithorn answered, "Not at all, no."

Austin police officer Jeff Woodward testified that he had been searching the area for individuals matching the description provided by Copithorn when he observed Lagos walking along a fence approximately two blocks from the scene. Based on his determination that Lagos matched the description of the subject, Woodward detained Lagos. When asked to identify himself, Lagos initially provided a false name and birth date. Lagos was not carrying extension cords at the time he was detained, and the stolen extension cords were never recovered by police. After Copithorn

---

[3] There was some discussion at trial as to whether Copithorn later revised her description of the man's pants while speaking to police, describing them as being light-colored or khaki, rather than white. Lagos's counsel also elicited testimony from Copithorn on cross-examination that she told the 9-1-1 dispatcher that the man "might" have had a mustache. The 9-1-1 call was not entered into evidence.

3

identified Lagos as the man she had seen taking the extension cords from the back of a truck, Lagos was arrested for burglary of a vehicle.

Lagos testified on his own behalf at trial, stating that he had been working on the evening of February 1, 2010, helping another individual move from one apartment to another. According to Lagos, his employer had dropped him off at approximately 9:00 or 9:30 p.m. in the area where he was detained by police. Woodward confirmed that the area where Lagos was detained is known as a "pick-up spot" for individuals performing day labor. Lagos testified that he was walking to his home, which was approximately two blocks away, when Woodward detained him. Lagos denied stealing the extension cords, but admitted to providing a false name and birth date to police, explaining that he had done so out of fear, rather than guilt.

After hearing all of the evidence, the jury found Lagos guilty of the offense of burglary of a vehicle, and the trial court assessed punishment at 180 days' imprisonment. We note that the record contains a motion to have punishment assessed by the jury, while the judgment of conviction states that Lagos "filed a Motion for the Court to assess punishment in the event of conviction," and recites the trial court's order on punishment. The code of criminal procedure provides that once "a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment." *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 2010). The record does not reflect that Lagos objected to the dismissal of the jury or the assessment of punishment by the trial court. *See Martin v. State*, 753 S.W.2d 384, 390 (Tex. Crim. App. 1988). As a result, it does not appear from this record that the trial court erred in assessing punishment.

After reviewing the record and considering this appeal without briefs, we find no issue requiring reversal.

We affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   February 24, 2011

Do Not Publish