# NO. 12-11-00293-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILBERT MOSLEY, JR.,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, Wilbert Moseley, Jr., was convicted of evading arrest with a vehicle. After he was sentenced, the trial court found that he was not indigent, and Appellant filed a pro se notice of appeal.

When Appellant did not timely file his brief, this court notified him that his brief was past due. When he did not respond to the notice, this court abated the appeal and remanded for the trial court to determine whether Appellant (1) still desired to prosecute his appeal; (2) was indigent and either needed counsel appointed, or his counsel had abandoned the appeal; or (3) if he was not indigent, whether a brief had not been completed because retained counsel had either abandoned the appeal or because Appellant had failed to make necessary arrangements for filing a brief; and (4) when Appellant's counsel anticipated that the brief, if a brief was to be filed, would be completed. Appellant appeared at the hearing conducted by the trial court. He stated that he wanted to continue the appeal and that he anticipated retaining counsel to represent him in the appeal. The trial court then made findings, which this court adopted, that Appellant desired to continue his appeal and that he would either represent himself or retain an attorney to represent him.

During the next three months, the clerk of this court sent several communications to Appellant at three different addresses. Some of these mailings were returned; others were not, but Appellant did not respond to them. The clerk also attempted to obtain any other address at which Appellant might be receiving mail, but was unsuccessful. Moreover, Appellant did not communicate with this court on any other matter at any time during this three month period. Therefore, this court again abated the appeal and remanded to the trial court for a hearing to address whether Appellant desired to continue the appeal, whether he desired to obtain counsel, and when he could file the brief. The trial court set the hearing date and sent notice to Appellant at his last known address. Appellant did not appear at the hearing or otherwise respond to the trial court's notice. The trial court stated on the record at the hearing that Appellant had been discharged from his sentence and had never contacted the court about whether he wished to continue the appeal. Thus, the trial court found that Appellant has voluntarily abandoned his appeal. Based upon our review of the reporter's record of the hearing conducted by the trial court, this court adopted the trial court's finding that Appellant has voluntarily abandoned this appeal. Accordingly, we sent a notice to Appellant that the appeal would be submitted without briefs.

When an appellant in a criminal case abandons the appeal, the appellate court may not dismiss the case but may consider it on the record alone. TEX. R. APP. P. 38.8(b)(1), 4(b). Appellant did not pay, or make arrangements to pay, for the reporter's record in this case. Therefore, only the clerk's record is presented for review. We have reviewed the clerk's record for fundamental error and found none. *See Alakhras v. State*, 73 S.W.3d 434, 436 (Tex. App.– Houston [1st Dist.] 2002, no pet.). Therefore, the trial court's judgment is ***affirmed***.

Opinion delivered April 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 24, 2013**

**NO. 12-11-00293-CR**

**WILBERT MOSLEY, JR.,**
Appellant
V.
**THE STATE OF TEXAS**,
Appellee

---

Appeal from the 349th Judicial District Court
of Houston County, Texas. (Tr.Ct.No. 11CR-029)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*