**Opinion issued September 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00833-CR and**

**NO. 01-13-00834-CR**

_____

**CAYLON JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1338720 & 1338721**

---

### MEMORANDUM OPINION

Caylon Johnson pleaded guilty without an agreed recommendation on punishment to two charges of aggravated robbery with a deadly weapon. Following a presentence investigation and hearing, the trial court assessed

punishment of 15 years' incarceration for each offense, with the sentences to run concurrently. The trial court certified Johnson's right to appeal each conviction, and Johnson filed timely notices of appeal.

Johnson failed to make arrangements to pay for the reporter's record, and this Court notified Johnson that his appeals could be considered without reporter's records if he did not make arrangements to pay for the record or provide a response showing that he was exempt from paying for the reporter's records by November 27, 2014. Neither Johnson nor his counsel responded.

On April 17, 2014, this Court abated the appeal and remanded the case to the trial court to hold a hearing to determine, among other things, whether Johnson wished to prosecute the appeals. The trial court held the requested hearing on May 1, 2014, at which Johnson appeared without his attorney. The trial court reiterated its finding that Johnson was not indigent and therefore not entitled to proceed with his appeals without payment of fees and costs.

On September 30, we reinstated the appeals and ordered briefing. The Court sent late briefing notices on November 20, 2014 and January 28, 2015 informing Johnson and his counsel that, absent the filing of a brief or extension request within 10 days, the Court might order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8. Neither Johnson nor his attorney responded.

2

On March 10, 2015, we again abated the appeals and remanded for the trial court to conduct a hearing and make findings concerning whether Johnson wished to prosecute his appeals. The trial court held that hearing on April 24, 2015, pursuant to which it found that Johnson no longer wished to prosecute his appeals. We received the record of those proceedings and reinstated the appeals on June 11, 2015.

When, as here, an appellant in a criminal case abandons the appeal, the appellate court may not dismiss the appeal but may consider it on the record alone. TEX. R. APP. P. 38.8(b)(1), 4(b). Johnson did not pay, or make arrangements to pay, for the reporter's record in this case. Therefore, only the clerk's records are presented for review. We have reviewed the clerk's records for fundamental error and found none. *See Alakhras v. State*, 73 S.W.3d 434, 436 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

We therefore affirm the judgments of the trial court.


PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).