# NOS. 12-15-00155-CR
# 12-15-00156-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENDRIC DARNELL CROWDER,* <br> *APPELLANT* | § | *APPEALS FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Kendric Darnell Crowder appeals his convictions for indecent exposure. We affirm on the record.

Appellant was charged by complaint and information in two cases for indecent exposure. Appellant pleaded "guilty" to the offenses and waived his right to a jury trial. On April 20, 2015, the trial court accepted Appellant's pleas, found him guilty of the offenses, and sentenced him to 100 days of confinement in the county jail for each offense.[1] These appeals followed.

On June 22, 2015, we notified Appellant that he had failed to file a docketing statement in each appeal. We granted him two extensions of time to file the docketing statements, but he did not do so. On July 7, 2015, we ordered that the trial court hold a hearing to determine the cause of Appellant's failure to file the docketing statements and whether he has abandoned the appeals. *See* Tex. R. App. P. 32.2. After giving notice to Appellant, the trial court attempted to hold the hearing on July 8, 2015, July 9, 2015, and July 13, 2015, but he failed to appear. The trial court contacted Appellant's attorney in the proceedings below, who informed the court that

---

[1] The trial court credited Appellant for time served while awaiting trial after he violated the terms of his bond.

he did not represent Appellant in the appeals.[2]  On July 22, 2015, Appellant's counsel filed a motion to withdraw.  The trial court sent Appellant another notice of hearing, and the clerk contacted Appellant's family members, who were unable to provide information concerning Appellant's whereabouts.  On September 4, 2015, the trial court granted counsel's motion to withdraw.

On September 14, 2015, we notified Appellant that the appeals would be submitted on the clerk's records alone unless he provided proof of full payment for the preparation of the reporter's records by September 24, 2015.  On September 30, 2015, we received communication from the court reporter that Appellant failed to contact her and make payment arrangements for the preparation of the reporter's records.  That same day, we notified Appellant that his briefs were due on October 30, 2015, and that we would submit the cases on the clerk's record.

On November 3, 2015, we notified Appellant that he had failed to timely file his briefs in both cases, and on November 16, 2015, we issued an order in each case directing the trial court to hold a hearing to determine whether he abandoned his appeals.  *See* TEX. R. APP. P. 38.8(b)(3). The trial court sent notice of the hearing to Appellant and held it on December 1, 2015.  But once again, Appellant failed to appear.

The trial court did not expressly find that Appellant had abandoned the appeals. However, we may suspend the operation of a particular rule on our own initiative for good cause. *See* TEX. R. APP. P. 2.  Given the history of these cases, we find good cause to suspend the requirement of Rule 38.8(b)(4) that the trial court find Appellant no longer desires to prosecute the appeals.  *See Garcia v. State*, No. 01-14-00939-CR, 2016 WL 3269931, at \*2 (Tex. App.— Houston [1st Dist.] June 14, 2016, no. pet. h.) (per curiam) (mem. op., not designated for publication); *Bryan v. State*, No. 07-08-0174-CR, 2009 WL 196043, at \*1-2 (Tex. App.— Amarillo Jan. 28, 2009, no pet.) (mem. op., not designated for publication).  We find that Appellant has made no attempt to prosecute these appeals since they were perfected on May 8, 2015, and we conclude that, based on the above facts, that Appellant no longer desires to prosecute this appeal and has abandoned it.

When an appellant in a criminal case abandons the appeal, the appellate court may not dismiss the case but may consider it on the record alone.  TEX. R. APP. P. 38.8(b)(1), (4).

---

[2] Appellant retained counsel for the proceedings in the trial court.  The record does not reflect that he requested appointed counsel or a free record on appeal.

Appellant did not pay, or make arrangements to pay, for the reporter's record in this case. Therefore, only the clerk's record is presented for review. We have reviewed the clerk's record for fundamental error and found none. *See Alakhras v. State*, 73 S.W.3d 434, 436 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Therefore, the trial court's judgment is ***affirmed.***

**GREG NEELEY**
Justice

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 29, 2016

NO. 12-15-00155-CR

**KENDRIC DARNELL CROWDER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 001-83649-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2016**

**NO. 12-15-00156-CR**

**KENDRIC DARNELL CROWDER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2

of Smith County, Texas (Tr.Ct.No. 001-83650-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*